UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL PATRICK CONETTA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SAN DIEGO UNIFIED PORT ) <br> DISTRICT, INCORPORATED, *et al.* ) <br> ) <br> Defendants. ) <br> ) <br> _____ ) | Civil No. 09cv1903-L(RBB) <br><br> **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS** |

Plaintiff, proceeding *pro se*, brought this action for violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq*., ("ADA") and civil rights violations against the San Diego Unified Port District, Incorporated, San Diego Unified Port District Attorney Office, San Diego Unified Port District Harbor Police Department and San Diego Unified Port District Harbor Police Mooring Office (collectively the "Port"). The Port filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff did not file an opposition. For the reasons which follow, the Port's motion is **GRANTED IN PART AND DENIED IN PART**. Plaintiff is granted **LEAVE TO AMEND**.

Plaintiff alleged he had a mobility impairment and that the Port's architectural and transportation barriers prevented him from accessing the programs, services and public facilities of the Port. In addition, he alleged that on August 31, 2007 he suffered a medical emergency

while in transit from one of the Port's anchorages to another. He communicated with the Sharp Hospital in Coronado and arranged for medical personnel to meet him. Plaintiff requested the Port to grant him disabled access to the hospital, but San Diego Harbor Police refused. He then requested for his vessel to stay put due to a medical emergency, but was instead cited for lacking an anchoring permit and threatened that his vessel would be seized. Plaintiff further alleged the Port criminally prosecuted him in retaliation for requesting disabled access. Plaintiff filed a complaint for ADA violations and violation of his civil rights.

The Port moved to dismiss under Rule 12(b)(6).[1] A Rule 12(b)(6) motion tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks, brackets and citations omitted). In reviewing a motion to dismiss under Rule 12(b)(6), the court must assume the truth of all factual allegations and must construe them in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). Legal conclusions need not be taken as true merely because they are cast in the form of factual allegations. *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987); *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). Similarly, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. Fed. Deposit Ins. Corp.*, 139 F.3d 696, 699 (9th Cir. 1998). Plaintiff is proceeding *pro se* and asserting civil rights violations. The court's duty to liberally construe a *pro se* litigant's pleadings is therefore particularly important. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).

The Port argues that Plaintiff failed to adequately allege the elements of an ADA discrimination claim. Title II of the ADA provides in pertinent part that, "no qualified

---

[1] This order does not address any issues which were not briefed by the Port, including, but not limited to, the legal sufficiency of Plaintiff's retaliation claim under the ADA.

individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Accordingly, to state a claim, a plaintiff must allege four elements:

> (1) he is an individual with a disability; (2) he is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) he was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of his disability.

*McGary v. City of Portland*, 386 F.3d 1259, 1265 (9th Cir. 2004) (internal quotation marks, brackets and citation omitted).

Plaintiff alleged that he had a mobility impairment. (*See, e.g.,* Compl. at 3.) The Port does not dispute that this is sufficient to allege a disability. In addition, Plaintiff alleged that on August 31, 2007 he suffered a pulmonary embolism, including heart-palpitations and breathing difficulties. (*Id.* at 6, 7.) The Port argues, without citing to any legal authority, that Plaintiff's "illness" on August 31, 2007 is not a disability as defined under the ADA, especially if it was temporary in nature. The ADA defines disability in broad terms and includes, among other things, "[a]ny physiological disorder or condition . . . affecting one or more . . . body systems [including] respiratory . . . [and] cardiovascular." 28 C.F.R. § 35.104. The definition further includes "diseases and conditions." *Id.* It does not have a temporal element. *See id.* Accordingly, the Port's argument is rejected.

The Port further argues that Plaintiff was not "otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities" because of a State court "stay away" order, which is attached to the Port's motion as Exhibit E. Generally, a court may not consider material beyond the complaint in ruling on a Rule 12(b)(6) motion. *Intri-Plex Tech., Inc. v. Crest Group, Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007); *see also* Fed. R. Civ. Proc. 12(d). "However, a court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment, as long as the facts noticed are not subject to reasonable dispute." *Id.* (internal quotation marks and citations omitted). The Port's

Exhibit E consists entirely of minutes of the San Diego County Superior Court. The court therefore takes judicial notice of the exhibit. According to the minutes, on April 29, 2009 Plaintiff was ordered to stay away from a Port-District-maintained anchorage for one year. Because this order was issued after Plaintiff's complaints to the Port in the spring and summer of 2007 about the lack of accessibility to Port facilities and after the medical emergency incident on August 31, 2007, it does not support the Port's argument. To the contrary, it appears that the proceedings reflected in the minutes form the basis of Plaintiff's retaliation claim.

The Port also contends that Plaintiff did not allege that he was excluded from the Port's services and benefits and that he did not allege he was excluded due to his disability. Plaintiff alleged that the Port's "architectural and transportation barriers in certified 'ADA' docks located at 'A-5 Anchorage[,]' 'Glorietta Bay[,]' and at 'A-2 La Playa Cove' in San Diego California . . . prevent persons including plaintiff, who has a mobility impairment" from accessing the Port's facilities. (Compl. at 3.) It can also reasonably be inferred from the Complaint that the Port's place of business is inaccessible to mobility impaired individuals due to the architectural and transportation barriers. (*See id.*) In addition, Plaintiff alleged that the Port refused disabled access to "paid marina, and paid moorings by public or private docks." (*Id.* at 6.)

The Port maintains that Plaintiff was not discriminated against based on his disability because the same rules apply to all. This is not a sufficient argument to overcome an ADA claim. "[F]acially neutral policies may violate the ADA when such policies unduly burden disabled persons, even when such policies are consistently enforced." *McGary*, 386 F.3d at 1265; *see also id.* at 1265-68.

The Port next argues that Plaintiff has been able to avail of its services because he rented a mooring buoy and obtained anchoring permits.[2] This argument does not address the allegation

---

[2] This argument is based in part on the Port's Exhibit C, a Maritime Moorage Contract between San Diego Mooring Company and Plaintiff. The Port has not provided any legal basis for its request to judicially notice this document, which is neither referenced in the complaint nor appears to be a matter of public record. *See Intri-Plex Tech., Inc.*, 499 F.3d at 1052. Accordingly, the Port's request for judicial notice of this exhibit is denied. However, as indicated in the body of this order, the moorage contract is irrelevant to this case as presented in the complaint.

1 regarding the lack of access to the Port's place of business, lack of access to the Coronado Sharp
2 Hospital and refusal to permit Plaintiff to stay put while waiting for medical personnel, and is
3 therefore insufficient to warrant dismissal.  The allegations in the complaint, with respect to
4 access barriers and the August 31, 2007 medical emergency go beyond mooring buoy rental and
5 anchorage permits.

6      Nevertheless, the complaint is too vague to meet the federal pleading requirements.
7 Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim
8 showing that the pleader is entitled to relief."  Although this does not require that the complaint
9 include all facts necessary to carry the plaintiff's burden, it must allege sufficient facts to show
10 plausible grounds to infer the existence of a claim for relief.  *Al-Kidd v. Ashcroft*, 580 F.3d 949,
11 977 (9th Cir. 2009).  "[A] plaintiff's obligation to provide the grounds of his entitlement to relief
12 requires more than labels and conclusions, and a formulaic recitation of the elements of a cause
13 of action will not do."  *Bell Atl. Corp.*, 550 U.S. at 555.

14      The complaint essentially tracks the four elements of an ADA claim; however, it does not
15 provide any factual allegations to identify the architectural and transportation barriers, indicate
16 what Port facilities Plaintiff was precluded from accessing and how he was precluded from
17 accessing them.  Although the court must liberally construe the pleadings of a *pro se* litigant, "a
18 *pro se* litigant is not excused from knowing the most basic pleading requirements."  *Am. Ass'n of*
19 *Neuropathic Physicians v. Hayhurst*, 227 F.3d 1104, 1107 (9th Cir. 2000).  Because the
20 complaint does not contain sufficient factual allegations in support of the ADA claim based on
21 architectural and transportation barriers, the Port's motion to dismiss this claim is **GRANTED**.

22      Next, the court must consider whether Plaintiff should be granted leave to amend.  *See*
23 *Schreiber Distrib. Co. v. Serv-Well Furniture Co., Inc.*, 806 F.2d 1393, 1401 (9th Cir. 2004).
24 Rule 15 advises the court that leave to amend shall be freely given when justice so requires.
25 Fed. R. Civ. P. 15(a).  "This policy is to be applied with extreme liberality."  *Eminence Capital,*
26 *LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (internal quotation marks and citation
27 omitted).

28      In the absence of any apparent or declared reason -- such as undue delay, bad faith

> or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. -- the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962).  Of the foregoing factors, the "prejudice to the opposing party . . . carries the greatest weight."  *Eminence Capital*, 316 F.3d at 1052.  Although the Port moved for dismissal without leave to amend, it has not indicated whether or how it would be prejudiced.  Plaintiff is therefore granted **LEAVE TO AMEND** the ADA claim to the extent it is based on mobility impaired access to Port facilities due to architectural and transportation barriers.

With respect to the August 31, 2007 medical emergency incident, Plaintiff alleged that he requested the Harbor Police for disabled access to the Coronado Sharp Hospital, which was denied.  (Compl. at 6-7.)  The Harbor Police then approached his boat and told him he should "just float around the bay, until his doctors arrive" because he did not have an anchorage permit.  (*Id.* at 7.)  After having been informed of the emergency, the Harbor Police refused Plaintiff's request for the vessel to stay put and wait for medical help,[3] but instead issued a citation and threatened to seize the vessel.  (*Id.* at 7, 8.)  This is a sufficient factual basis to allege that Plaintiff was denied access to public facilities and excluded from public services and benefits due to his disability.  Accordingly, the Port's motion to dismiss the ADA claim to the extent it is based on the medical emergency incident on August 31, 2007 is **DENIED**.

Last, the Port is seeking dismissal of the complaint to the extent it is based on a civil rights violation pursuant to 42 U.S.C. Section 1983.  Two essential elements must be met for a section 1983 claim:  (1) that a person acting under color of state law committed the conduct at issue, and (2) that the conduct deprived the claimant of some right, privilege or immunity protected by the Constitution or the laws of the United States.  *See* 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988).

---

[3] Although the Port makes much of the factual disagreement whether Plaintiff had an anchorage permit to stay put, it does not explain how this is relevant under the ADA.  If Plaintiff did not have the permit, the claim is that the Port refused the reasonable accommodation of letting him stay put while medical personnel was on the way.  If Plaintiff had the permit, the Port's refusal to accommodate merely appears more egregious.

To the extent Plaintiff is relying on the ADA to show a statutory violation in support of a section 1983 claim, the claim is precluded. *See Vinson v. Thomas*, 288 F.3d 1145, 1155-56 (9th Cir. 2002). However, this does not mean that a plaintiff cannot state an ADA claim and a section 1983 claim based on the same factual allegations, so long as the section 1983 claim is based on a violation of constitutional rights or rights under a federal law other than the ADA. Plaintiff did not identify any statutory or constitutional basis for his section 1983 claim. Accordingly, the Port's motion to dismiss it is **GRANTED**. However, Plaintiff is granted **LEAVE TO AMEND** because it appears that he may be able to state a section 1983 claim. For example, with respect to the August 31, 2007 medical emergency incident, Plaintiff may be able to base his claim on a violation of the IVth Amendment or the substantive due process provision of the XIVth Amendment.

Accordingly, it is hereby **ORDERED** as follows:

1. Defendants' motion to dismiss is **GRANTED IN PART AND DENIED IN PART**. The motion to dismiss is denied to the extent it seeks dismissal of the ADA claim based on the August 31, 2007 medical emergency incident. The motion is granted in all other respects.

2. Plaintiff is granted **LEAVE TO AMEND** the complaint.

3. If Plaintiff chooses to file an amended complaint, he must do so no later than **August 23, 2010**. Defendants shall respond to the amended complaint within the time set forth in Federal Rule of Civil Procedure 15(a)(3). If Plaintiff chooses not to file an amended complaint, Defendants shall respond within the same period of time calculated from August 23, 2010.

4. Plaintiff's amended complaint, if any is filed, must be complete in itself without reference to the initial complaint. *See* Civ. Loc. Rule 15.1. Defendants not named and all claims not re-alleged in the amended complaint will be deemed to have been waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

**IT IS SO ORDERED.**

DATED: July 26, 2010

M. James Lorenz
United States District Court Judge